## Pollock v. City of Philadelphia

*Edward B. Scott*, for plaintiff.
*James F. Ryan*, for defendant.

KUN, J., April 17, 1941.—Jury trial was waived in this case. The facts were substantially agreed to at the

pretrial conference. Plaintiff had been employed by the city in the bureau of highways as a stenographer for 19 years and seven months when it became necessary in January 1937 to separate her from this service because of lack of funds to continue the payment of her salary. She required only about five more months to complete the 20 years of service which would make her eligible to a pension from the city after she had reached the age fixed by the statute. For the apparent purpose of aiding her to acquire this status, she was informed by the personnel clerk of the bureau of highways that she would be reinstated if she signed an undated resignation addressed to and to be held by the director of public works, so that if a similar situation arose her employment could be promptly terminated by the acceptance of her resignation. She accordingly executed such resignation, was reinstated to her position, and at no time thereafter took any action to repudiate or question the validity of the resignation. In the budget for 1940 the number of stenographers in the bureau of highways was reduced by three, and on December 29, 1939, the director wrote to plaintiff reminding her of the undated resignation held by him and requesting that she execute another of current date. Plaintiff paid no attention to this letter, and on the other hand took no action to repudiate the undated resignation. On January 5, 1940, she received a notice that her resignation had been accepted as of December 31, 1939. Thereafter, she made further efforts to be reinstated again, and when they failed she brought this action. No fraud or coercion was practiced on plaintiff, and she gave her undated resignation as a prerequisite to her reinstatement in March 1937, freely under the circumstances mentioned for a very good reason beneficial to herself, and she never prior to its acceptance questioned the validity of it.

Plaintiff contends that the only method by which a city employe can be removed from office is on the filing of charges under the Philadelphia City Charter Act of June

25, 1919, P. L. 581. This is not correct. An employe may resign, and if the resignation is made without fraud, duress, or coercion there is no reason why it should not be binding where given for a proper purpose and under proper circumstances, as they appeared in this case. The resignation in the case before us was given obviously for the purpose of acceding to plaintiff's request for reinstatement to enable her to round out the short time required to qualify her for a pension. As it happened, upon the termination of that short period there was no necessity for reducing the personnel in the office, so that the director, instead of accepting plaintiff's resignation which he could have done, allowed plaintiff to continue in her employment for a considerable time. At the end of 1939, however, it became necessary for the director to reduce the number of stenographers and he then exercised his discretion and lawful authority by accepting plaintiff's resignation.

We are in full accord with the authorities which have been cited by plaintiff which hold that a resignation obtained by coercion of an employe under circumstances depriving him of the exercise of his free will is ineffective. This is not such a case. The resignation here was not obtained from plaintiff while she was an employe of the city; and if it had been demanded of her while such an employe, she could have refused to give it. She had been separated from her service properly and according to law, as indicated. She had no absolute right of reinstatement even for the purpose of rounding out a short period to make up the term required to entitle her to a pension. In such circumstances where, as must have been the case here, the director in response to what must have been plaintiff's many importunities so to do, reinstated plaintiff for this obvious purpose on condition that she give him a written undated resignation which could be accepted when the purpose was accomplished, there is no moral or legal basis for permitting plaintiff to repudiate her act after her purpose has been accomplished.

We may add that in general we do not look with favor upon undated resignations on the part of public employes because of the opportunity they afford for duress and coercion in matters unrelated to the public service. However, we cannot say that an undated resignation is in all circumstances and under all conditions unlawful and ineffective. Where an undated resignation has been given freely without fraud, duress, or coercion and for a proper purpose and before it is repudiated it is accepted by the lawful authority for a proper purpose and under proper circumstances, we know of no reason why it should not be given effect.

The court finds for defendant.